```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-----------------------------------x
DEBORAH MAHON,                     :
on behalf of herself and all       :
others similarly situated,         :
                                   :
            Plaintiff,             :
                                   :
v.                                 :    CASE NO. 3:09CV00690(AWT)
                                   :
CHICAGO TITLE INSURANCE COMPANY,   :
TICOR TITLE INSURANCE COMPANY,     :
and TICOR TITLE INSURANCE          :
COMPANY OF FLORIDA,                :
                                   :
            Defendants.            :
-----------------------------------x
```

## ORDER RE DEFENDANTS' MOTION TO STRIKE

For the reasons set forth below, Defendants' Motion to Strike Allegations in Plaintiff's Complaint (Doc. No. 12) is hereby GRANTED.

The defendants have moved to strike paragraphs 5 through 10 of the Complaint. The plaintiff contends that paragraphs 5 through 10 contain introductory allegations that "illustrate the serious public policy issues" at stake in this case and place the defendants' wrongful conduct "in the context of an industry-wide epidemic." The court agrees with the defendants that whether unnamed and unidentified third parties in the same industry engaged in wrongful conduct does not make the existence of any fact that is of consequence to the determination of the claims against the defendants in this case more probable or less probable than it would without evidence as to the conduct of such

third parties.  Consequently, the allegations in these paragraphs are "immaterial" and "impertinent".  <u>See</u> 5C Charles A. Wright & Arthur A. Miller, Federal Practice & Procedure: Civil § 1382, at 458-64 (3d ed. 2004) ("'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material. . . . '[I]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.  Thus, there is considerable overlap between the concepts of 'impertinent' and 'immaterial' matter.  One test that has been advanced for determining whether an allegation in a pleading is immaterial and impertinent within the meaning of Rule 12(f) is whether proof concerning it could be received at trial; if it could not, then the matter is immaterial and impertinent.")

It is so ordered.

Signed this 24th day of November, 2009 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge