**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
DEBORAH MAHON,                  :
on behalf of herself and all   :
others similarly situated,     :
                               :
           Plaintiff,          :
                               :
v.                             :   CASE NO. 3:09CV00690(AWT)
                               :
CHICAGO TITLE INSURANCE COMPANY, :
                               :
           Defendant.          :
-------------------------------x
```

## <u>RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS</u>

Deborah Mahon ("Mahon") brings this class action, on behalf of herself and all others similarly situated, against Chicago Title Insurance Company ("Chicago Title"), making claims for unjust enrichment, breach of implied contract, and money had and received. Mahon alleges that the defendant overcharged her for title insurance in connection with a refinance transaction on June 30, 2003. Moreover, Mahon alleges that the defendant has maintained, and continues to maintain, a common, routine and customary business practice of (1) overcharging borrowers for title insurance by failing to charge refinance rates to those who qualify for such rates in connection with refinance transactions, and (2) failing to inform such borrowers that they qualify for such rates.

The defendant moves for judgment on the pleadings as to all

1

counts on the grounds that the plaintiff's claims, although

presented as quasi-contract or equitable claims, are actually

tort claims barred by the three-year statute of limitations set

forth in Conn. Gen. Stat. § 52-577.  Alternatively, the defendant

moves for judgment on the prayers for relief as to punitive

damages and attorneys' fees on the grounds that there is no legal

basis for such relief.  For the reasons set forth below, the

motion for judgment on the pleadings is being granted with

respect to the plaintiff's prayer for relief as to attorneys'

fees and denied in all other respects.

I.    **LEGAL STANDARD**

Fed. R. Civ. P. 12(h)(2)(B) provides that a defense of

failure to state a claim upon which relief can be granted may be

raised "by a motion under Rule 12(c)."  Fed. R. Civ. P. 12(c)

provides that "[a]fter the pleadings are closed--but early enough

not to delay trial--a party may move for judgment on the

pleadings."  Fed. R. Civ. P. 12(c).

When considering a Rule 12(c) motion for judgment on the

pleadings, the court uses the same standard as that used to

address a Rule 12(b)(6) motion to dismiss for failure to state a

claim.  L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d

Cir. 2011).  When deciding a motion for judgment under Rule 12(c)

or a motion to dismiss under Rule 12(b)(6), the court must accept

as true all factual allegations in the complaint and draw

inferences in a light most favorable to the plaintiff.  Scheuer
v. Rhodes, 416 U.S. 232, 236 (1974).  Although a complaint "does
not need detailed factual allegations, a plaintiff's obligation
to provide the 'grounds' of his 'entitle[ment] to relief'
requires more than labels and conclusions, and a formulaic
recitation of the elements of a cause of action will not do."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
citations omitted).  "Nor does a complaint suffice if it tenders
naked assertions devoid of further factual enhancement."
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly,
550 U.S. at 557) (internal quotation marks omitted).  "Factual
allegations must be enough to raise a right to relief above the
speculative level, on the assumption that all allegations in the
complaint are true (even if doubtful in fact)."  Twombly, 550
U.S. at 555 (internal citations omitted).  The plaintiff must
plead "only enough facts to state a claim to relief that is
plausible on its face."  Id. at 570.  "The issue is not whether
plaintiff will prevail, but whether he is entitled to offer
evidence to support his claims."  United States v. Yale New Haven
Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416
U.S. at 236).

## II.  DISCUSSION

The defendant contends that the plaintiff has alleged
nothing more than a three-count complaint sounding in tort and

then "creatively mislabeled" the counts in order to take advantage of a longer statute of limitations.  As discussed below, the allegations in each count state the claim the plaintiff contends is set forth in that count, and the defendant has not shown why, notwithstanding that fact, any count is in substance a tort claim because of the mere presence of "tort-type language" and thus subject to the three-year statute of limitations.  Also, as to the prayers for relief, the motion is being granted only as to the request for relief in the form of attorneys' fees.

### A.   Count One (Unjust Enrichment)

Count One of the First Amended Complaint ("Complaint") is a claim for unjust enrichment.  "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another."  Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co., 231 Conn. 276, 282 (1994).  "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment."  Id. at 283 (1994).  Here, the plaintiff alleges that the "[d]efendant has benefitted by charging, collecting and retaining

title insurance premiums in excess of the discounted refinance
rates to which Plaintiff and the Class members were entitled,"
the "[d]efendant unjustly charged Plaintiff and Class members for
such benefits," and "[a]s a direct and proximate result . . .
Plaintiff and the Class Members have suffered damages . . . ."
(First Am. Compl. (Doc. No. 36) ("Compl.") ¶¶ 42-45.)  Thus, the
plaintiff has pled facts sufficient to support all three elements
of an unjust enrichment claim under Connecticut law.

Because an unjust enrichment claim is an equitable action,
"the court may exercise its discretion in determining the
applicable statute of limitations." <u>Piazza v. First Am. Title</u>
<u>Ins. Co.</u>, Civ. No. 3:06CV00765(AWT), 2007 WL 988713, *2 (D. Conn.
Mar. 30, 2007).  Moreover, to the extent courts have identified
specific limitations period, it has been six years.[1]  Since the
plaintiff alleges that the defendant was unjustly enriched in
connection with a June 30, 2003 transaction, and the suit was
commenced on April 28, 2009, the unjust enrichment claim was

---

[1]"Although there is no Connecticut appellate authority that squarely
addresses the issue, other courts have found that the six-year Connecticut
statute of limitations for breach of contract also applies to unjust
enrichment claims." <u>Paradigm Contract Mgmt. Co., Inc. v. St. Paul Fire and</u>
<u>Marine Ins. Co.</u>, No. 3:10cv211(MRK), 2011 WL 4348132, *7 n.3 (D. Conn. Sept.
16, 2011). <u>See, e.g.</u>, <u>Gianetti v. Blue Cross & Blue Shield of Conn., Inc.</u>,
No. 3:07cv01561 (PCD), 2008 WL 19994895, *8 n.4  (D. Conn. May 6, 2008) ("The
applicable Connecticut statute of limitations for breach of contract, quantum
meruit, and unjust enrichment is six years.  Conn. Gen. Stat. § 52-576(a).");
<u>Generation Partners, LP v. Mandell</u>, No. FSTCV095010537S, 2011 WL 3671966, *3
(Conn. Super. July 22, 2011) ("Unjust enrichment and quantum meruit claims are
most analogous to contract claims and are subject to the six-year statute of
limitations as well.").

brought within the six-year statute of limitations.  <u>See</u> Conn.

Gen. Stat. § 52-576(a).

**B.    Count Two (Breach of Implied Contract)**

Count Two of the Complaint is a claim for breach of implied

contract.  "The elements of a breach of an implied contract

action are the formation of an agreement, performance by one

party, breach of the agreement by the other party and damages.

<u>Pelletier v. Galske</u>, 105 Conn. App. 77, 81 (2007).  A contract

implied in fact depends on an actual agreement that there be an

obligation created by law that imposes a duty to perform, and

such obligation may arise from words, actions, or conduct.

<u>Homecare, Inc. v. Acquarulo</u>, 38 Conn. App. 772, 775 (1995)."

<u>Naser v. Ravago Shared Servs. LLC</u>, Civ. No. 3:10CV573(WWE), 2012

WL 669053, *2 (D. Conn. Feb. 27, 2012).

The plaintiff alleges that the defendant "formed an

agreement and entered into a Contract with Plaintiff and the

Class members," "[t]he Contract included, without limitation,

Defendant's obligation to charge a premium in accordance with

their rate manuals on file with the Connecticut Insurance

Department," the "Plaintiff and the Class members performed their

obligations under the Contract by paying the premiums charged by

Defendant," the "Defendant breached the Contract by, without

limitation, (a) overcharging Plaintiff and the Class members by

failing to give them the discounted refinance rate for title

insurance; and (b) failing to inform Plaintiff and the Class members that they qualified for such discounted rates," and "[a]s as direct and proximate result of Defendant's breach of contract, Plaintiff and the Class members have suffered damages in an amount to be proved at trial." (Compl. ¶¶ 47-53.) Thus, the plaintiff has pled facts sufficient to support all four elements of a breach of implied contract claim under Connecticut law.

The applicable limitations period for a breach of implied contract claim is six years. See Conn. Gen. Stat. 52-576(a) ("No action for . . . any . . . implied contract . . . shall be brought but within six years after the right of action accrues, . . . ."). Since the plaintiff alleges that the defendant was unjustly enriched in connection with a June 30, 2003 transaction, and the suit was commenced on April 28, 2009, the breach of implied contract claim was brought within the six-year statute of limitations.

C.   Count Three ("Money Had and Received")

Count Three of the Complaint sets forth a claim for "money had and received." "The elements of a money had and received claim are slightly amorphous in the literature, but this claim has been brought to recover mistaken payments in a wide variety of cases." Koch v. Stop & Shop Co., Inc., No. CV020561277S, 2003 WL 553280, *5 (Conn. Super. Feb. 11, 2003). "The action for money had and received is an equitable action to recover back

money paid by mistake where the payor is free from any moral or legal obligation to make the payment and the payee in good conscience has no right to retain it." Bridgeport Hydraulic Co. v. City of Bridgeport, 103 Conn. 249, 261 (1925). See also SV Special Situations Master Fund Ltd. v. Knight Libertas, LLC, No. 3:08cv1669(SRU), 2011 WL 2680832, *9 (D. Conn. July 8, 2011) ("To meet the elements of a claim for money had and received, the plaintiff must demonstrate that the defendants received money belonging to the plaintiff, and benefitted from receipt of that money.") (citing Koch, 2003 WL 553280).

Here, the plaintiff alleges that the defendant "wrongfully charged Plaintiff and the Class members monies by charging, collecting, and retaining title insurance premiums in excess of the discounted refinance rates to which Plaintiff and the Class members were entitled," the "Plaintiff and the Class members paid the monies to Defendant inadvertently and by mistake, and Plaintiff and the Class members were free from any moral or legal obligation to make such payment," and the "[d]efendant is wrongfully in possession of the monies." (Compl. ¶¶ 55-58.) Thus, the plaintiff has pled facts sufficient to support the elements of money had and received under Connecticut law.

The defendant concedes that money had and received "is the equivalent of the more modern action for unjust enrichment," Gold v. Rowland, 296 Conn. 186, 202 n.15 (2010), and has provided

no authority suggesting that a statute of limitations different from the six-year statute that has been held to be applicable to unjust enrichment and quasi-contract claims should apply.  See Conn. Gen. Stat. § 52-576(a).  Since the plaintiff alleges that the defendant was unjustly enriched in connection with a June 30, 2003 transaction, and the suit was commenced on April 28, 2009, this claim was brought within the six-year statute of limitations.

The defendant also contends that the plaintiff's claim for money had and received claim is redundant of her unjust enrichment claim.  The defendant cites cases from the Districts of New Mexico and Idaho[2] but does not provide any Connecticut law stating it is appropriate to dismiss the plaintiff's claim for money had and received claim as redundant or duplicative.  But a recent Connecticut Superior Court decision noted that although unjust enrichment and money had and received are related in that they are "similarly broad and flexible," these claims have "different requirements" under Connecticut law.   See Stratford v. Casater, No. CV106011629S, 2011 WL 1288675, *5 (Conn. Super. Mar. 15, 2011) (internal quotation omitted).

---

[2]See Woodard v. Fidelity Nat'l Title Ins. Co., No. CIV06-1170, 2007 U.S. Dist. LEXIS 97455 (D.N.M. Dec. 4, 2007); Lewis v. First Am. Title Ins. Co., No. 06-cv-00478, 2007 U.S. Dist. LEXIS 71214 (D. Idaho Sept. 25, 2007).

### D.    The Gravamen of the Plaintiff's Claims

The defendant argues that the plaintiff's claims are supported solely by tort-type allegations, and are in substance tort claims creatively labeled in an effort to circumvent the statute of limitations set forth in Conn. Gen. Stat. § 52-577. The defendant cites, <u>inter alia</u>, "tort-type language" in the Complaint referring to the defendant's alleged "pattern of unlawful and deceptive acts and practices" and identifying the "predominant legal issue" in the portion of the Complaint setting forth the class allegations as "whether Defendant breached a legal duty universally owed to Plaintiff and the members of the Class in failing to charge the correct discounted refinance rate and/or failing to disclose the existence of the discounted refinance rate."   (Compl. ¶¶ 9, 20.)

However, the mere presence of "tort-type language" in the Complaint does not establish that the plaintiff has "disguised" or "creatively labeled" tort claims as quasi-contract or equitable claims, as the defendant argues.  (<u>See</u> Mem. Law Supp. Mot. for J. on the Pleadings (Doc. No. 85-1) 1, 3, 5.)  The defendant cites no authority for the proposition that the mere presence of "tort-type language" in a claim establishes that a claim is a tort claim, and it is doubtful that it can cite persuasive authority for this proposition.  <u>See</u> <u>L.F. Pace & Sons,</u>

Inc. v. Travelers Indem. Co., 9 Conn. App. 30, 48 (1986) (in case

involving claim for breach of implied contract, the court

observed that "[b]reach of contract founded on tortious conduct

may allow the award of punitive damages."). Also, the defendant

cites to no authority that is directly on point.

Rather, cases cited by the defendant reflect that the focus

should be on the gravamen of the claim.  In three cases involving

legal malpractice claims, courts rejected an attempt to plead the

tort claim in contract terms.  In Weaver v. Apuzzo, the court

observed that the claim was "in essence an attorney malpractice

action . . . [w]here a plaintiff alleges that a defendant

negligently performed legal services and failed to use due

diligence."  No. 3:02CV1328(AHN), 2005 WL 752212, at *4 (D. Conn.

Mar. 30, 2005).  The court referred to the fact that the

plaintiff had to establish that the defendant "failed to exercise

due care" in handling his claim.  Id.  at *5.

In Pelletier v. Galske, the court observed that malpractice

was "the failure of one rendering professional services to

exercise that degree of skill and learning commonly applied under

all the circumstances in the community by the average prudent

reputable member of the profession . . . .", 105 Conn. App. 77,

81 (2007), and the court described a case it relied on as one

where the "complaint sounded in negligence because [the] gravamen

of suit was [the] alleged failure by defendant to exercise [the]

requisite standard of care."  Id. at 82 (citing Barnes v. Schlein, 192 Conn. 732, 735 (1984)).  In Caffery v. Stillman, the court made reference to the negligence claim as "a claim that one has breached a standard of care."  79 Conn. App. 192, 197 (2003).

In addition, Gaza v. City of Stamford involved a claim by the plaintiff against a contractor who had contracted to remove ice and snow from a sidewalk "in order for the area to be safe for pedestrians such as the plaintiff," and the court concluded that the contractor "owed a direct duty of care to the plaintiff."  255 Conn. 245, 250 (2001).

Here, the Complaint alleges that the defendant "breached a legal duty universally owed to Plaintiff and the members of the Class," (Compl. ¶ 28), and the legal duty referred to is a duty resulting from the Connecticut Title Insurance Act to give discounted refinance rates to consumers in connection with refinance transactions.  The gravamen of the plaintiff's claims is not that the defendants failed to use due diligence or exercise the requisite standard of care.  Rather, the gravamen of the claim in Count One is that the defendant was unjustly enriched at the expense of the plaintiff and the other members of the proposed class; the gravamen of the claim in Count Two is that the defendant breached an agreed-to obligation created by law imposing a duty to perform; and the gravamen of the claim in Count Three is that the plaintiff and the other members of the

proposed class are entitled to recover money paid to the defendant by mistake, which money the defendant has no right to retain.

As the defendant has failed to demonstrate that any of the three counts is in substance a tort claim, the motion for judgment on the pleadings as to Counts One, Two and Three is being denied.

### E.    Prayers for Relief

Alternatively, the defendant moves for judgment on the plaintiff's prayers for relief as to punitive damages and attorneys' fees on the grounds that there is no legal basis for such relief.

#### 1.    Punitive Damages

"Punitive damages are not ordinarily recoverable for breach of contract. . . . This is so because . . . punitive or exemplary damages are assessed by way of punishment, and the motivating basis does not usually arise as a result of the ordinary private contract relationship.  The few classes of cases in which such damages have been allowed contain elements which bring them within the field of tort."  Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 127 (1966) (internal citations omitted). See also L.F. Pace & Sons, Inc. v. Travelers Indem. Co., 9 Conn. App. 30, 48 (1986) ("Breach of contract founded on tortious conduct may allow the award of punitive damages.").

"To furnish a basis for recovery of [punitive] damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Markey v. Santangelo, 195 Conn. 76, 76 (1987). "A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances." Id. (quoting Sharkey v. Skillton, 83 Conn. 503, 507-8 (1910)).

Here, the plaintiff alleges that the defendant "knowingly and routinely" and "affirmatively and deliberately" overcharged Connecticut consumers for title insurance. (Compl. ¶¶ 1, 10.) At this stage in the litigation the plaintiff is required to plead "only enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and it is plausible that the defendant's allegedly knowing and deliberate conduct rises to the level of maliciousness such that an award of punitive damages would be appropriate. Therefore, the plaintiff has pled sufficient facts to support a prayer for relief as to punitive damages under Connecticut law.

## 2.   <u>Attorneys' Fees</u>

The defendant properly notes that the American Rule requires each party to pay its own attorneys' fees absent some specific statutory or contractual exception.  See <u>Singhaviroj v. Bd. of Educ. of Town of Fairfield</u>, 301 Conn. 1, 15 n.9 (2011) ("The common-law American Rule provides that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception.") (internal quotation omitted).

The plaintiff properly notes that under Connecticut law "an award of attorney's fees is an element of punitive damages." <u>City of Hartford v. Int'l Ass'n of Firefighters, Local 760</u>, 49 Conn. App. 805, 816-17 (1998).  <u>See also</u> <u>Berry v. Louiseau</u>, 223 Conn. 786, 825 (1992) (upholding the "longstanding rule in Connecticut limiting common law punitive damages to a party's litigation costs," which include attorneys' fees).  The plaintiff also properly notes that "[a]n attorney whose work creates a common fund is 'entitled to a reasonable fee . . . taken from the fund.'"  <u>In re Pub'n Paper Antitrust Litig.</u>, No. 3:04 MD 1631(SRU), 2009 WL 2351724, at *1 (D. Conn. July 30, 2009) (quoting <u>Goldberger v. Integrated Res., Inc.</u>, 209 F.3d 43, 47 (2d Cir. 2000)).  <u>See also</u> <u>In re Fine Host Corp. Sec. Litig.</u>, No. MDL 1241, 3:97-CV-2619 JCH, 2000 WL 33116538, at *1 (D. Conn. Nov. 8, 2000) ("A party that has secured a benefit on behalf of a class

of people is entitled to recover its costs, including attorneys'
fees, from a common fund created as part of a settlement
agreement."). The plaintiff then argues that "[g]iven the
possibility of an award of attorneys' fees as an element of
punitive damages and/or in connection with a common fund in this
putative class action, the American Rule simply does not require
that judgment enter in favor of Chicago Title with respect to
Mahon's prayer for attorneys' fees." (Pl.'s Mem. in Opp'n to
Def. Chicago Title's Mot. for J. on the Pleadings (Doc. No. 87),
17.)

However, any award of attorneys' fees as an element of
punitive damages would be made pursuant to the prayer for relief
as to punitive damages, not some separate prayer for relief as to
attorneys' fees. In addition, any claim for a fee from a common
fund is not a separate element of damages or compensation, but
rather comes out of the fund of money awarded as damages or
negotiated as a settlement and to be distributed to the class
members. Thus, the plaintiff is not being forced to make an
election among remedies as a result of not being allowed to
include a prayer for relief as to attorneys' fees. Therefore,
the motion for judgment on the pleadings is being granted as to
the prayer for relief as to attorneys' fees.

## III. CONCLUSION

For the reasons set forth above, the Motion For Judgment on

16

the Pleadings (Doc. No. 85) is hereby GRANTED in part and DENIED in part.  Judgment shall enter in favor of the defendant as to the plaintiff's prayer for relief as to attorneys' fees.

It is so ordered.

Signed this 16th day of August, 2012 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge
